UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ALAN WARNER,

    Plaintiff,

v.

HENRY RICHARDS, *et al*,

    Defendants.

Case No.  C05-5288RBL

REPORT AND RECOMMENDATION

Noted for June 3, 2005

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in forma pauperis* status in this case. See Order Granting Application to Proceed *In Forma Pauperis*, dated May 9, 2005.  After reviewing the complaint and the remainder of the record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

## DISCUSSION

This action is one in a series of legal actions regarding the Department of Social and Health Services' Special Commitment Center ("SCC").  Plaintiff challenges nearly every aspect of his conditions of confinement at the SCC, from visits and telephone use to computer access.  His complaint is a thirty-six page form complaint (see, e.g., Complaint, p. 9), that implicates the treatment environment at the

REPORT AND RECOMMENDATION
Page - 1

1  SCC.  The court further notes that this is just one of a series of form complaints, and that similar
2  complaints have been filed in other cases.  See, e.g., Williams v. Richards, C05-5169RBL and Carver v.
3  Richards, C05-5037RJB.

4      The plaintiffs in these actions are all persons confined at the SCC for mental health treatment or
5  who are persons awaiting commitment proceedings.  The SCC is designed to treat persons whose mental
6  abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence.
7  For over a decade the SCC has operated under federal oversight as a result of injunctions issued by the
8  Western District Federal Court in Seattle.  The court found the conditions of confinement in 1991 to be
9  unconstitutional and found the mental health treatment offered at that time to be inadequate.  Turay v.
10 Seling, C91-0664RSM.

11     Federal oversight continues in a limited capacity to this day.  There have been high and low points
12 during the years of such oversight, including findings of contempt, and findings that portions of the
13 injunction had been fulfilled.  On June 19, 2004, the court found the defendants were in substantial
14 compliance and lifted the injunctions with one exception.  Turay v. Seling, C91-0664RSM (Dkt # 1906).
15 Despite indicating portions of the injunction were dissolved, the court also indicated judicial oversight
16 would continue to insure no "backsliding".  Turay v. Seling, C91-0664RSM (Dkt # 1906).

17     Many, if not all, of the issues plaintiff is attempting to raise in this litigation were raised or could
18 have been raised in the compliance proceedings in Turay.  Indeed, the new SCC facility, which is the
19 focus of this litigation, was constructed because of findings made in the Turay case. The new facility was
20 constructed to comply with the court's findings and orders, and it was constructed at a time when the
21 operation of the SCC was under judicial oversight.

22     If this court were to consider a case which calls into question the operating procedures of the
23 SCC while another court is continuing to monitor its operating conditions, it would undoubtedly result in
24 a duplication of effort and a waste of judicial resources.  Accordingly, it is ill advised for this court to
25 consider matters that are under the control of another judge.

26     *In forma pauperis* complaints may be dismissed before service under 29 U.S.C. § 1915 (d).
27 Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Leave to amend is not necessary where it is clear that the
28

REPORT AND RECOMMENDATION
Page - 2

1 deficiencies in the complaint cannot be cured by amendment.  Here, the deficiency is the attempt to bring
2 an action while judicial oversight of the facility is before another judge.  This action, therefore, should be
3 dismissed without prejudice prior to service.

### CONCLUSION

For the foregoing reasons, the undersigned recommends that the court dismiss this action without prejudice prior to service.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 3, 2005**, as noted in the caption.

DATED this 10th day of May, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3